# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DANIEL O'KANE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-CV-0273-CVE-FHM** |
| | ) | |
| **MEAD JOHNSON NUTRITION CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss Plaintiff's Petition and Brief in Support Thereof (Dkt. # 10). Defendant Mead Johnson Nutrition Co. (Mead Johnson) argues that plaintiff failed to exhaust his administrative remedies before filing claims under the Americans with Disabilities Act, 42 U.S.C. § 12010 et seq. (ADA) and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA), and Mead Johnson asks the Court to dismiss these claims. Plaintiff responds that he perfected a charge of discrimination and received a right to sue letter from the Equal Employment Opportunity Commission (EEOC). Dkt. # 14, at 1. He requests leave to file an amended complaint if the Court should find any deficiencies with his petition. Id. at 2.

## I.

Daniel O'Kane states that he was employed by Mead Johnson as a senior territory business manager, and he claims that he had worked for Mead Johnson for about ten years as of December 2015. Dkt. # 2-1, at 2. He claims that Mead Johnson changed his goals for promotion as he was nearing eligibility for a promotion, and this prevented him from receiving a promotion. Id. O'Kane alleges that he complained about the change in policy that prevented him from receiving a promotion, but Mead Johnson took no action after his complaint. Id. He also claims that Mead

Johnson hired a younger, less experienced person to fill the position to which O'Kane sought to be promoted. Id. On December 3, 2015, O'Kane was involved in an automobile accident in which his vehicle collided with a parked car, and he was subsequently charged with driving under the influence of alcohol and leaving the scene of an accident. Id. O'Kane reported the incident to his employer and he advised Mead Johnson that he had been arrested for driving under the influence of alcohol. Id. O'Kane claims that he did not know that he would be charged with leaving the scene of an accident and he did not report this charge to his employer. Id. Mead Johnson conducted an investigation of the incident and terminated O'Kane's employment in Janaury 2016. Id. at 3. O'Kane claims that his position was filled by a younger employee who is not a member of the protected class and that he suffers from the disability of alcoholism. Id. He states that Mead Johnson was aware of his disability and that he was receiving treatment for his condition. Id.

On December 22, 2017, O'Kane filed this case in Tulsa County District Court alleging claims under the ADA and ADEA against Mead Johnson, and he also alleges a state law tort claim that his employment was terminated in violation of an Oklahoma public policy. Id. at 6. Mead Johnson removed the case to this Court based on federal question jurisdiction. Dkt. # 2, at 2. Mead Johnson states that it has obtained a copy of plaintiff's file from the Equal Employment Opportunity Commission (EEOC) and plaintiff's file does not contain a charge of discrimination. Dkt. # 15, at 5.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

**III.**

Defendant argues that plaintiff's petition does not allege that plaintiff exhausted his administrative remedies before he filed this case, and plaintiff's federal law claims should be dismissed. Dkt. # 10, at 3. Defendant also argues that Oklahoma has abolished a common law tort remedy for wrongful termination in violation of an Oklahoma public policy, and plaintiff's state law claim should be dismissed. Id. at 4. Plaintiff states in response to the motion to dismiss that he "perfected a charge of discrimination with the EEOC and was issued a right to sue letter," and he

has attached a copy of the right to sue letter to his response. Dkt. # 14. However, plaintiff makes no argument concerning the viability of his state law claim. Plaintiff requests leave to file an amended complaint if the Court finds that plaintiff's petition fails to satisfy federal pleading standards. Id. at 2.

**A.**

Defendant argues that plaintiff has not alleged that he exhausted his administrative remedies before filing suit. Dkt. # 10, at 3. It is clearly established that a plaintiff alleging claims under the ADA and ADEA must exhaust his administrative remedies before filing suit. Lincoln v. BNSF Railway Co., 900 F.3d 1166, 1181 (10th Cir. 2017); Shikles v. Sprint/United Management Co., 426 F.3d 1304, 1317 (10th Cir. 2005). "A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." Jones v. UPS, Inc., 502 F.3d 1176, 1186 (10th Cir. 2007) (quoting MacKenzie v. City and County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005)). A plaintiff must exhaust his administrative remedies as to each discrete act of discrimination before filing suit. Apsley v. Boeing, Co., 691 F.3d 1184, 1210 (10th Cir. 2012). Courts should liberally construe the allegations of an EEOC charge when determining if a plaintiff has exhausted his administrative remedies for claims arising under federal employment discrimination laws. Jones, 502 F.3d at 1186; MacKenzie, 414 F.3d at 1274; Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1195 (10th Cir. 2004). However, the failure to check the box for a particular type of discrimination claim gives rise to a presumption "that the charging party is not asserting claims represented by that box." Jones, 502 F.3d at 1186. The presumption may be rebutted if "the text of the charge clearly sets forth the basis of the claim." Id.

Plaintiff's petition does not contain any allegations suggesting that he exhausted his administrative remedies before filing suit, and this is an essential fact that must be plead when seeking to proceed with claims under the ADA and ADEA. EEOC v. Unit Drilling Co., 4 F. Supp. 3d 1257, 1264-65 (N.D. Okla. 2013). Plaintiff states in response to the motion to dismiss that he "perfected a charge of discrimination with EEOC" and he has attached a right to sue letter to his response. Dkt. # 14. However, defendant has attached a copy of plaintiff's file from the EEOC and there is no charge in the file. Dkt. # 15-1. Plaintiff's file does contain a completed intake questionnaire, and he did mark boxes showing that age and disability discrimination were the bases for his claims of employment discrimination. Id. at 13. Defendant does not believe that plaintiff filed a charge of discrimination and asks that plaintiff's ADA and ADEA claims be dismissed without granting plaintiff leave to amend. The Court finds that plaintiff has failed to plead exhaustion of administrative remedies and his ADA and ADEA claims should be dismissed. However, there is a dispute as to whether plaintiff has actually exhausted his administrative remedies, and plaintiff should be given an opportunity to file an amended complaint pleading the exhaustion of administrative remedies. Plaintiff should attach a copy of a perfected EEOC charge to his amended complaint, because his right to sue letter does not give defendant notice of what specific claims would have been within the scope of the EEOC's investigation.

**B.**

Defendant argues that plaintiff's claim of wrongful termination in violation of an Oklahoma public policy should be dismissed, because a common law claim of wrongful termination has been abolished by the Oklahoma legislature. Dkt. # 10, at 4. Plaintiff does not respond to defendant's argument.

Oklahoma courts previously recognized a common law tort claim for wrongful termination in violation of an Oklahoma public policy. See Burk v. K-Mart Corp., 770 P.2d 24 (Okla. 1989). However, in 2011, the Oklahoma legislature amended the Oklahoma Anti-Discrimination Act, OKLA. STAT. tit. 25, § 1101 (OADA), to state that "[t]his act provides for exclusive remedies within the state of the policies for individuals alleging discrimination in employment on the basis of race, color, national origin, sex, religion, creed, age, disability or genetic information." At the same time, the Oklahoma legislature enacted a separate statute stating that "[a] cause of action for employment-based discrimination is hereby created and any common law remedies are hereby abolished." OKLA. STAT. tit. 25, § 1350. In MacDonald v. Corporate Integris Health, 321 P.3d 980 (Okla. 2014), the Oklahoma Supreme Court considered the effects of §§ 1101 and 1350 when construed together:

> The Legislature has declared that the OADA "provides the exclusive remedies within this state ... for individuals alleging discrimination in employment on the basis of race, color, national origin, sex, religion, creed, age, disability or genetic information." [OKLA. STAT. tit. 25, § 1101] (emphasis added). To leave no doubt about the intended effect of this declaration of purpose, the Legislature further expressly provided that "any common law remedies are hereby abolished." [OKLA. STAT. tit. 25, § 1350(A)]. Among the exclusive remedies provided in the OADA is a "cause of action for employment based discrimination." Id. Any victim of discrimination based on race, color, religion, sex, national origin, age, disability, or genetic information can pursue such cause of action upon exhausting the administrative remedies provided in the OADA. [OKLA. STAT. tit. 25, § 1350]. The relief provided in subsection (G) of § 1350—enjoining unlawful, discriminatory employment practices, and affirmative relief such as reinstatement, back pay, and liquidated damages—is available to all victims of status-based discrimination, depending upon the circumstances of an individual case. Clearly, the OADA in general and section 1350 in particular "operate on the entire class of actionable claims that are similarly situated."

Id. at 984. Plaintiff has not alleged that he exhausted his administrative remedies as to an OADA claim, and he makes no argument in response to defendant's motion to dismiss on this issue. Dkt. # 14. The Court finds that Oklahoma has abolished a common law tort for wrongful discrimination

in violation of an Oklahoma public policy, and this claim should be dismissed without leave to re-assert the claim in an amended complaint.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Petition and Brief in Support Thereof (Dkt. # 10) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint re-asserting only his federal law claims no later than **January 15, 2019**.

**DATED** this 9th day of January, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE