# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| DANIEL O'KANE, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 18-CV-0273-CVE-FHM |
|  | ) |  |
| MEAD JOHNSON NUTRITION CO., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for a New Trial (Dkt. # 19). The Court entered an opinion and order (Dkt. # 16) dismissing plaintiff's claims, but plaintiff was permitted to file an amended complaint re-alleging his federal employment discrimination claims. Plaintiff failed to do so and missed his deadline by two weeks, and the Court dismissed this case without prejudice due to plaintiff's failure to file an amended complaint. Plaintiff has filed a motion asking the Court to reconsider its opinion and order dismissing his claims, and he claims that his failure to file an amended complaint is excusable. Dkt. # 19.

On December 22, 2018, plaintiff filed this case in Tulsa County District Court alleging claims under the Americans with Disabilities Act, 42 U.S.C. § 12010 et seq. (ADA) and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (ADEA). Plaintiff also alleged a claim for wrongful termination in violation of an Oklahoma public policy. Defendant Mead Johnson Nutrition Co. removed the case to this Court and filed a motion to dismiss arguing that plaintiff failed to allege that he exhausted his administrative remedies before filing suit. Dkt. # 10, at 2. Defendant also argued that a claim for wrongful termination in violation of an Oklahoma public policy had been statutorily abolished. Id. Plaintiff filed a response and argued that he did exhaust

his administrative remedies, but he failed to respond to defendant's argument concerning the viability of his state law claim. Dkt. # 14. The Court dismissed plaintiff's federal employment discrimination claims, because he failed to allege that he had exhausted his administrative remedies. Dkt. # 16, at 5. The Court did not find that it lacked jurisdiction over the case due to plaintiff's alleged failure to exhaust his administrative remedies. Plaintiff argued that he had actually exhausted his administrative remedies, and the Court directed plaintiff to file an amended complaint no later than January 15, 2019 re-alleging his federal claims. Id. at 7. As to plaintiff's state law claim, the Court considered whether a claim of wrongful discharge in violation of an Oklahoma public policy was still a viable claim, even though plaintiff had not responded to defendant's argument. Id. at 6. The Court determined that this claim had been statutorily abolished and dismissed the claim without allowing plaintiff to re-assert the claim in an amended complaint. Id. at 6-7. Plaintiff did not file an amended complaint and, on January 29, 2019, defendant filed a motion to dismiss the case due to plaintiff's failure to file an amended complaint. Dkt. # 18. The Court granted defendant's motion and dismissed the case without prejudice to refiling. Dkt. # 19.

Plaintiff asks the Court to reconsider its decision to dismiss his case. Dkt. # 19. Plaintiff's motion to reconsider was filed within 28 days of the order of dismissal, and the Court will treat plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of

2

Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

Plaintiff argues that the requirement to exhaust administrative remedies is no longer jurisdictional, and he claims that the Court erred when it found that it lacked jurisdiction over his federal employment discrimination claims due to his failure to plead exhaustion of administrative remedies. Dkt. # 19, at 9. Plaintiff cites Lincoln v. BNSF Railway Co., 900 F.3d 1166 (10th Cir. 2018), for the proposition that the failure to exhaust administrative remedies as to a discrete incident of discrimination may not be a jurisdictional prerequisite to suit under the ADA. Dkt. # 16, at 4. The Court cited this case in its opinion and order (Dkt. # 16, at 4), and was well aware of the holding of Lincoln. Instead, Lincoln clearly states that an employer is permitted to raise an affirmative defense that a plaintiff has not alleged exhaustion of administrative remedies, even if this would not deprive the Court of jurisdiction over the case. Lincoln, 900 F.3d at 1185. That is precisely what happened in this case. Defendant filed a motion to dismiss arguing that "[p]laintiff's [p]etition is deficient in that he fails to make any allegation that he complied with the administrative conditions precedent to each of his claims." Dkt. # 10, at 2. Defendant did not make a jurisdictional argument and the Court did not treat the failure to exhaust administrative remedies as a jurisdictional defect.

3

Instead, the Court found that plaintiff had failed to plead a necessary fact and allowed him to file an amended complaint curing this pleading deficiency.

Plaintiff's case was dismissed when he failed to file an amended complaint in compliance with a deadline set by the Court. Dkt. # 18. Plaintiff's counsel claims that he missed the Court's deadline to file an amended complaint, because his law firm went from eleven to four attorneys in the time period from April to November 2018. Plaintiff's counsel also states that his firm moved into a new office at the beginning of January 2019. Neither of these claims tends to show that plaintiff's counsel's failure to file an amended complaint was excusable. The fact that several attorneys left the firm months before the Court entered its opinion and order does not tend to show that plaintiff's counsel could not have drafted an amended complaint in January 2019. Plaintiff's counsel does not deny that he received notice of the Court's opinion and order, and it would not have taken a substantial amount of time to prepare an amended complaint. Plaintiff's counsel could have requested an extension of time to file the amended complaint if he knew that moving offices would make it difficult to comply with the deadline set by the Court. In any event, the Court did not immediately dismiss the case after plaintiff failed to meet the deadline to file an amended complaint, and plaintiff had two additional weeks to file an amended complaint after the deadline expired on January 15, 2019. The Court does not find that plaintiff's failure to file an amended complaint is excusable and the case was properly dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for a New Trial (Dkt. # 19) is **denied**.

**DATED** this 19th day of April, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4